UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. CR-07-133-FVS |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION |
| DAVID MICHAEL PITTS, | |
| Defendant. | |

**THIS MATTER** comes before the Court without oral argument based upon Amos R. Hunter's motion for reconsideration of an order denying his motion to intervene in the instant action.

**BACKGROUND**

On January 22, 2009, David Pitts and the government submitted a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The Court did not accept the plea agreement on January 22nd; instead, the Court reserved ruling on the acceptability of the plea agreement pending completion of a presentence investigation and report. Fed.R.Crim.P. 32. While the presentence investigation was underway, Amos Hunter filed a motion to intervene in the instant action. Mr. Hunter is an attorney. During 2007, he allegedly helped Mr. Pitts prepare and submit an insurance claim to an insurance company via FedEx. As a result of submitting the 2007 insurance claim via FedEx, Mr. Pitts is prepared to plead guilty to the crime of mail

ORDER - 1

fraud, 18 U.S.C. § 1341. The plea agreement refers to both Mr. Hunter and the 2007 insurance claim. Mr. Hunter challenges the plea agreement on at least two grounds. For one thing, he questions whether Mr. Pitts committed the crime of mail fraud by submitting the 2007 insurance claim. For another thing, he complains that the plea agreement falsely implies that he helped Mr. Pitts commit a crime. As a result, Mr. Hunter moved to intervene in the instant action in order to seek correction of the plea agreement. The Court denied Mr. Hunter's motion. Now, he moves for reconsideration.

**RULING**

Mr. Hunter alleges that he has been injured by certain statements in the plea agreement. He argues that he has a right to intervene in this action in order to seek redress for the alleged injury. As authority, he cites the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. However, he has failed to cite, and independent research has failed to uncover, a single instance in which a federal court has permitted a third party to intervene in a criminal proceeding in order to challenge the accuracy of statements made in a plea agreement. The absence of authority is unsurprising. There is no indication Congress intended a Rule 11 proceeding to serve as a forum for resolution of the type of issue raised by Mr. Hunter. Indeed, the Ninth Circuit has consistently rebuffed the efforts of third persons to intervene in sentencing proceedings. *See, e.g., United States v. Gamma Tech Indus.*, 265 F.3d 917, 923 n.6 (9th Cir.2001) ("Victims have never had standing to appear as parties in criminal cases.") The best

indication of Congressional intent regarding the scope of a particular criminal proceeding is the Federal Rules of Criminal Procedure.  When the defendant and the government enter into a Rule 11(c)(1)(C) plea agreement, the Court's task is to determine whether the terms of the agreement are acceptable.  Fed.R.Crim.P. 11(c)(3)(A).  "Rule 11 vests district courts with considerable discretion to assess the wisdom of plea bargains, to which attaches a concomitant responsibility to exercise that discretion reasonably."  *In re Morgan*, 506 F.3d 705, 708-09 (9th Cir.2007).  In exercising its discretion, the Court may consider a broad array of information.  *See Gamma Tech Indus.*, 265 F.3d at 924 ("Congress has provided that '[n]o limitation shall be placed on the information concerning the . . . conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.'" (quoting 18 U.S.C. § 3661)).  An affected individual may present information for a district court's consideration.  *Id.*  He may do so even though he lacks standings to intervene as a party.  *Id.* at 923 and n.6.  The Court is satisfied that, in light of the fact Mr. Hunter is named in the plea agreement, he is affected by Mr. Pitts's proposed plea of guilty.  Thus, the Court will consider the information submitted by Mr. Hunter for the limited purpose of assessing the acceptability of the plea agreement under Rule 11.  That will be the extent of Mr. Hunter's participation in the instant action.  The Court will not allow him to intervene as a party or to speak at Mr. Pitts' sentencing hearing.  Nor will the Court stay sentencing in order to

ORDER - 3

give Mr. Hunter time to file a civil action of his own.

**IT IS HEREBY ORDERED:**

Mr. Hunter's motion for reconsideration (**Ct. Rec. 160**) is denied.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to Mr. Hunter and to counsel for the parties.

**DATED** this ___9th___ day of April, 2009.

                        s/ Fred Van Sickle
                         Fred Van Sickle
                Senior United States District Judge

ORDER - 4